IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


WEDGEWOOD LIMITED PARTNERSHIP
I,
              Plaintiff,

       vs.                          Civil Action 2:04-CV-1069
                                    Judge Marbley
                                    Magistrate Judge King
TOWNSHIP OF LIBERTY, OHIO,
*et al.*,
              Defendants.


<u>OPINION AND ORDER</u>

        Plaintiff, the owner of undeveloped property allegedly zoned
for commercial use in Delaware County, Ohio, challenges the Liberty
Township defendants' denial of authority for construction of a Wal-Mart
store on the property.  Plaintiff asserts claims under 42 U.S.C. §1983
for denial of due process, including denial of due process by reason of
the alleged vagueness of the zoning ordinance, and for denial of equal
protection.  Plaintiff also asserts parallel claims under the Ohio
Constitution.  A neighborhood foundation has been granted leave to
intervene as a defendant. *Opinion and Order,* Doc. No. 31.  This matter
is now before the Court on *Plaintiff's Motion for Protective Order*, Doc.
No. 53, and the Liberty Township defendants' *Combined Motion to Compel
and Memorandum contra*, Doc. No. 54, and *Motion to Compel,* Doc. No.58.
Critical to the resolution of these motions is this Court's assessment
of terms of a protective order proposed by plaintiff. Exhibit A, attached
to *Plaintiff's Motion for Protective Order*, Doc. No. 53.

                              I

        Plaintiff declined to produce any documents responsive to the
document requests of the Liberty Township defendants pending "execution

of a mutually agreed upon Protective Order."[1] *Certification of Counsel in Support of Motion for Protective Order*, ¶2, attached as Exhibit B to *Motion for Protective Order*, Doc. No. 53; *Plaintiff's Answer and Responses to Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission,* attached as Exhibit A to *Combined Motion to Compel and Memorandum contra,* Doc. No. 54.  Other entities, not parties to the litigation,[2] responded in similar fashion to subpoenas served on them by the Liberty Township defendants.

The Liberty Township defendants take the position that the protective order proposed by plaintiff is unwarranted and overbroad:

> This case does not involve trade secrets and the parties are not business competitors.  It is a zoning dispute over several dozen acres of undeveloped land, in which Wedgewood L.P. claims millions of dollars in alleged damages, and which has generated intense interest within the Liberty Township community at large.

*Combined Motion to Compel and Memorandum contra,* p.6, Doc. No. 54. Although the Liberty Township defendants do not concede the need for a protective order, they have nevertheless expressed a willingness to agree to some terms of protection "limited to documents containing trade secrets, but not information or documents merely self-characterized as 'proprietary' ...; and to non-public personal (but not business) financial, tax, or identification information or documents."  Exhibit J,

---

[1] The Court strongly disapproves of this response.  Documents not appropriately withheld on the ground of privilege or confidentiality should have been promptly produced; any expense or inconvenience resulting from production during the pendency of *Plaintiff's Motion for Protective Order* is appropriately borne by the producing parties, rather than by the Liberty Township defendants.  Plaintiff and the subpoenaed entities will be expected to forthwith produce all such responsive documents.

[2] Some of these entities are also represented by the same counsel who represent plaintiff.

p.5, attached to *Combined Motion to Compel and Memorandum contra,* Doc. No. 54.


II

Plaintiff's proposed protective order defines "confidential material" as

> (a) trade secrets or proprietary information or documents; (b) non-public financial, tax, strategic, marketing, or business information or documents; (c) non-public research or process information or documents; (d) non-public personnel information or documents; or (e) non-public personal financial, tax, or identification information or documents.

*Protective Order,* ¶2, attached as Exhibit A, to *Plaintiff's Motion for Protective Order,* Doc. No. 53. The proposal authorizes plaintiff to designate "any or all portions of" documents as "confidential material," so long as the designation is made in good faith. *Id.,* ¶3. Moreover, the "confidential" designation extends to the "entire document, written discovery response, or transcript that contains" the notice of confidentiality. *Id.,* ¶4. If a party objects to plaintiff's designation of confidentiality, that party must affirmatively seek relief from the designation, absent agreement by the plaintiff. *Id.,* ¶5.

Confidential material may be disclosed only to the parties, to their counsel and their counsel's employees and to experts retained by the parties "for use solely in preparation of trial or trial of this litigation." *Id.,* ¶6. Any document containing confidential material which must be filed with the Court is to be filed under seal in its entirety. *Id.,* ¶10. Should the Court direct that the entire document be unsealed, a party opposing disclosure may then file "a redacted copy

3

for the public record. ..." *Id.,* ¶10. The proposed protective order also includes a claw back provision, *Id.,* ¶14, and provides that, at the conclusion of the litigation, all confidential material received from plaintiff "shall be given back to plaintiff." *Id.,* 15.

As is apparent from this summary, plaintiff's proposed order consists of two significant components: (1) the treatment during discovery of documents characterized by plaintiff as confidential and (2) the treatment of such documents upon filing with the Court.

Although this Court concludes that a protective order is appropriate, the order proposed by plaintiff and invoked by the non-parties to whom document subpoenas have been issued is overbroad.

## III

Although a court is vested with broad discretion to grant or deny a protective order, that discretion is "limited by the careful dictates of Fed. R. Civ. P. 26." *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996). The burden of establishing good cause for a protective order rests with the party seeking the protection. *Nix v. Sword,* 11 Fed. Appx. 498, 500 (6th Cir. 2001)(citing *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973)).

Plaintiff (and the other entities that have declined to produce documents pending execution of a protective order) contends that its proposal is warranted under F.R.Civ.P. 26(c)(7), which authorizes a protective order where necessary to assure that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; . . ." Rule 26(c)(7) "has been interpreted to protect from disclosure material that would harm

the disclosing party by placing it at a commercial disadvantage." 6 *Moore's Federal Practice* §26.105[8][a](3d ed.).

Plaintiff characterizes as "sensitive, non-public [and] confidential," *Plaintiff's Reply,* p.5, Doc. No. 57, documents and information reflecting plaintiff's "current and historical actual and potential investors and suppliers of capital, amounts of investments, unrelated assets, actual and potential transfers of assets, costs, margins, and expenses, contracts for sale of property, negotiations of possible sales of property, partnership agreements, possible or actual development of property, financial statements, tax returns, business and personal financial and identification information. ..." *Id.,* p.4. Plaintiff also invokes O.R.C. §§1333.61(D), 1333.65, which address trade secrets under Ohio law. *Id.,* p.5 n.2.

A court may more readily impose restrictions on disclosure of documents not traditionally made public. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 31-33 (1984)(referring to information gathered in traditionally private pretrial civil discovery and not yet publicly disseminated); *Bankers Trust Co.,* 78 F.3d at 225 (same). Discovery is conducted in private and restrictions on the public disclosure of such information is much more readily available. *Seattle Times Co.,* 467 U.S. at 33 n.19. "Private documents collected during discovery are not judicial records, and ... private litigants have protectable privacy interests in confidential information contained in such documents." *Howes v. Ashland Oil, Inc.,* 1991 WL 73251,*7 (6th Cir. 1991) (unpublished)(citing *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986) and *Seattle Times Co.,* 467 U.S. 20). In this regard, the

5

"central issue ... is not the relatively slight right of public access in this context, but whether the protective order was an appropriate means of facilitating discovery while respecting the rights" of others. *The Courier Journal v. Marshall,* 828 F.2d 361, 367 (6th Cir. 1987)(dealing with a request to disclose the membership of a Ku Klux Klan organization). This is true even in instances involving subjects of undeniable public interest. *Seattle Times Co.,* 467 U.S. at 31 (upholding prohibition on public dissemination of information of non-public discovery even where "there certainly is a public interest in knowing about respondents"); *The Courier Journal,* 828 F.2d at 363(protective order approved even where the proceedings were "of intense public concern.")

However, a strong public right of access attaches when a document is filed or utilized in public proceedings. *Brown & Williamson Tobacco Corp. V. F.T.C.,* 710 F.2d 1165 (6th Cir. 1983). At that point, a court's ability to restrict access to what is ordinarily public information is narrowed to instances where restriction is necessary to preserve a litigant's right to a fair trial and where necessary to protect "certain privacy rights of participants or third parties, trade secrets and national security." *Id.* at 1179. A "naked conclusory statement" that public access to information "would harm [a] company's reputation is not sufficient to overcome the strong common law presumption in favor to public access to court proceedings and records." *Id.,* at 1179-1180. "[O]nly the most compelling reasons can justify the total foreclosure of public and professional scrutiny" to documents forming the basis of the adjudication. *Id.* at 1180 (quoting *Joy v. North,* 692 F.2d 880, 894 (6th cir. 1982)). Even then, "a court should not

6

seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id.* Moreover, "business information that might harm a litigant's competitive standing" may be a proper subject of a formal protective order. *In re Knoxville News-Sentinel Co., Inc.,* 723 F.3d 470, 474 (6th Cir. 1983). Bank records, too, may be sealed where necessary to protect the privacy interests of parties. *Id.* at 477. "[C]ommercial self-interest," however, will not provide grounds justifying the sealing of documents. *Bankers Trust Co.,* 78 F.3d at 225. Similarly, a party's interest "in avoiding adverse publicity" will rarely outweigh the public's interest in disclosure, particularly where, as here, the subject of the litigation is of great public concern. *See In re Knoxville News-Sentinel Co., Inc..,* at 477.

## IV

This Court concludes that a protective order limiting disclosure of sensitive discovery materials to the parties, their counsel, their counsel's agents and their experts is both warranted and appropriate. However, if plaintiff wishes to reserve to itself the broad discretion to unilaterally designate documents as "confidential," even in good faith, plaintiff must bear the burden of justifying its designation to an objecting party, and to the Court should the objection not be resolved among the parties.

Moreover, should a document denominated "confidential" be necessary to an otherwise public filing, that document may be filed under seal only with leave of Court upon a showing of good cause and only to the extent necessary to preserve the established privacy interests. The

Court will not countenance the wholesale sealing of an entire document; non-confidential portions of the document must be filed in redacted form.

V

Accordingly, *Plaintiff's Motion for Protective Order*, Doc. No. 53, is **DENIED** to the extent that it asks this Court to adopt its proposed protective order. To the extent that the motions of the Liberty Township defendants, Doc. Nos. 54, 58, oppose the imposition of any protective order, those motions are likewise **DENIED**. The parties are **DIRECTED** to confer and attempt to draft a proposed protective order consistent with these directives.

The Liberty Township defendants also address alleged deficiencies in responses to other discovery requests. It appears, however, that plaintiff is prepared to make further substantive response to those discovery requests. At a minimum, and with the resolution of the issues surrounding the requested protective order, it appears that the parties have not yet fully exhausted the issues between them as they relate to those substantive responses. The Court therefore **DIRECTS** the parties to further discuss any remaining disputes between them regarding substantive response to the Liberty Township defendants' discovery requests.

This matter resolves Doc. Nos. 53, 54 and 58. **The Clerk is DIRECTED to REMOVE those motions from the Court's pending motions list.**


June 21, 2007                          _s/Norah McCann King_
                                    Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge