**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

**WEDGEWOOD LIMITED PARTNERSHIP I,**

             **Plaintiff,**

    **vs.**                                     **Civil Action 2:04-CV-1069**
                                                      **Judge Marbley**
                                                      **Magistrate Judge King**

**TOWNSHIP OF LIBERTY, OHIO,**
*et al.*,
                  **Defendants.**

**OPINION AND ORDER**

        Plaintiff, the owner of undeveloped property ("Lot 2069") zoned for commercial use in Delaware County, Ohio, challenges the Liberty Township Defendants' refusal to authorize construction of a Wal-Mart Supercenter on the property. Plaintiff asserts claims under 42 U.S.C. §1983 and parallel claims under Ohio law. A neighborhood foundation has been granted leave to intervene as a defendant. *Opinion and Order,* Doc. No. 31. This matter is now before the Court on the *Second Motion to Compel of Defendants Township of Liberty, Ohio, Board of Trustees of Liberty Township, Robert E. Cape, Peggy Guzzo, Curt Sybert, and Holly Foust* ("*Liberty Township Defendants' Motion*"), Doc. No. 76.

        Since the filing of *Liberty Township Defendant's Motion*, the parties have narrowed the issues for resolution by the Court. *Liberty Township Defendants' Reply,* p. 1, Doc. No. 89. Four issues remain in dispute: (1) the request for production of documents regarding the corporate structure, governance and ownership of Wedgewood, Inc. and Stratford Development Company

("Stratford"); (2) the request for production of the financial statements and tax returns of plaintiff and Wedgewood Inc.; (3) the testimony of Charles Ruma, the principal of plaintiff, Wedgewood, Inc., and Stratford concerning other offers to purchase Lot 2069, about which he was instructed during a deposition not to testify; and (4) the request for production of documents evidencing the reimbursement of plaintiff's attorneys' fees. *Id*. at 1-2.  The Court will address each of these issues in turn.

**I.      Standard**

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  ("'The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.'" *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)(quoting *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970))."

**II.     DISCUSSION**

> **A.     Documents Concerning the Corporate Structure, Governance, and Ownership of Wedgewood, Inc. and Stratford Development Company (Defendants' Request for Production No. 8 and Subpoena, Doc. No. 46)[1]**

Lot 2069 is located within the Wedgewood Commerce Center ("WCC"), the comprehensive development plan for which contemplated no more than 500,000 square feet of commercial construction.  Over the years, apparently, commercial construction has been approved for certain subareas of WCC originally zoned for suburban office use.  Liberty Township Defendants based their denial of plaintff's application, at least in part, in the assertion

---

[1] Plaintiff has produced documents concerning plaintiff's response to Request for Production No. 7.  *See Liberty Township Defendants' Reply*, p. 2.

2

that, in light of this other commercial development, plaintiff's proposal would exceed the 500,000 square foot limit, notwithstanding the fact that Lot 2069 was originally zoned for commercial development.

The subareas of WCC originally zoned for suburban office use were apparently developed commercially by one or more entities that may be related to plaintiff's general partner: Stratford, Ruma Investment Ltd., Wedgewood, Inc., and Dividson Phillips, Inc. (collectively "Wedgewood Affilitates").  Plaintiff denies any involvement in the commercial construction in those subareas.  *Complaint,* ¶9, Doc. No. 1.  Liberty Township Defendants seek documents concerning the corporate structure, governance and ownership of Wedgewood, Inc. and Stratford in order to explore the relationship between and among plaintiff and the Wedgewood Affiliates.  *Liberty Township Defendants' Motion,* p. 5.  Specifically, Liberty Township Defendants assert that the requested discovery will reveal the extent to which plaintiff knew of or participated in that commercial development and the extent to which plaintiff should be held accountable for that development.  *Id.*

In response, plaintiff argues that "non-parties should not be burdened by such irrevelevant, vague, and overbroad requests seeking confidential corporate documents." *Plaintiff's Memo. in Opposition*, p. 3 (citing *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 526-27 (W.D. Tenn. 1999)).  Plaintiff also argues that, because Liberty Township Defendants have known for some time of the non-parties' objections to the requested discovery, their failure to take action until the very last day of discovery reflects their acquiesence in those objections. *Plaintiff's Memo. in Opposition*, p. 3.  In addition, plaintiff asserts that Liberty Township Defendants' formal discovery did not include the disputed documents.  *Id*. at 3-4.  Instead,

3

plaintiff argues, Liberty Township Defendants are "creat[ing] new, vague demands for documents that Defendants wished they had sought in discovery." *Id*. at 4.

In reply, Liberty Township Defendants again deny that they "acquiesced" in the non-parties' refusal to produce the requested documents. *Liberty Township Defendants' Reply,* at 3. Instead, Liberty Township Defendants point to their attempt to obtain the requested information by way of an alternative means, *i.e.,* Charles Ruma's deposition. It was only after that method proved to be unsuccessful that they were forced to file the motion to compel. *See id* at 3. To the extent that their formal discovery requests did not include these requested documents, Liberty Township Defendants argue that an October 15, 2007, letter sent by Liberty Township Defendants "should be construed as a request for such documents." *Id*. at 4.

As an initial matter, the Court notes that the non-party status of an object of discovery is not determinative. *See American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Whether a subpoena imposes an "undue burden" on a deponent also turns on such factors as "relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id*. (quoting *Concord Boat Corp. v. Brunswick Corp*., 169 F.R.D. 44, 53 (S.D.N.Y. 1996)).

Here, Liberty Township Defendants have met their burden in this regard by demonstrating the relevance of the requested documents. *Id*. Liberty Township Defendants contend that the Wedgewood Affiliates participated in the development of the WCC and in the reduction of space available for commercial development. If plaintiff is sufficiently related to the Wedgewood Affiliates, Liberty Township Defendants reason, plaintiff knew of and even participated in the reduction of the space available for commercial development and should

4

reasonably be bound by that development. Under these circumstances, the requested discovery falls within the ambit of discoverable information. *See* F.R. Civ. P. 26(b)(1).

Plaintiff also argues that the Liberty Township Defendants unreasonably delayed in challenging the failure to produce the requested discovery and, furthermore, failed to request the documents in formal discovery requests. The Court rejects these arguments. Fed. R. Civ. P. 37(a)(1) requires a party to make a good faith effort to resolve any discovery dispute before filing a motion to compel. The Liberty Township Defendants requested the disputed documents within the discovery period. To the extent that plaintiff argues that the formal discovery requests did not include the requested documents, the letter dated October 15, 2007, sufficiently clarified those requests and identified the documents sought in the subpoenas and Document Request No. 8.[2] It was only after efforts to clarify the discovery requests and to resolve the discovery dispute failed that the motion to compel was filed on October 31, 2007 -- the actual discovery deadline established in this case. *See* Doc. No. 74.

Accordingly, this Court concludes that Liberty Township Defendants sufficiently requested the disputed documents within the discovery period and that such documents are relevant to the issue of liability. As it relates to the corporate structure, governance, and ownership of Wedgewood, Inc. and Stratford Development, *Liberty Township Defendants' Motion,* is **GRANTED**. Wedgewood Inc., Stratford and plaintiff are **ORDERED** to produce responsive documents regarding the corporate structure, governance and ownership of Wedgewood, Inc. and Stratford within fourteen (14) days of the date of this *Order*.

---

[2]That letter specifically asks for "[d]ocuments concerning the corporate structure, governance, and ownership" of plaintiff, Stratford and Wedgewood, Inc. *See* Exhibit A, attached to *Liberty Township Defendants' Motion.* Because plaintiff's counsel also represents certain of the non-parties, *see Plaintiff's Reply,* p.2 n.1, Doc. No. 57, it is reasonable to conclude that the letter addressed not only the request made of the plaintiff but also the requests made of the non-parties.

      B.      **Financial Statements and Tax Returns of Plaintiff and Wedgewood Inc. (Defendants' Request for Production Nos. 32-33)**

Liberty Township Defendants argue that documents concerning the financial condition of plaintiff and its sole general partner are relevant to the issue of damages and are therefore discoverable. *Liberty Township Defendants' Motion*, p. 8. Specifically, Liberty Township Defendants intend to use financial statements and tax returns to calculate gains, losses, expenses and/or tax-deductible expenses that could affect the amount of damages to which plaintiff may be entitled should it prevail on its claims. *Id*. at 8-9. Further, Liberty Township Defendants argue that the value of the parcel at issue in this case is relevant to the lawsuit and that the requested documents are relevant to that issue. *Id*.

In response, plaintiff characterizes Liberty Township Defendants' requests, which seek documents spanning seventeen years, as unreasonably intrusive, irrelevant and overly broad. *Plaintiff's Memo. in Opposition*, p. 6. These requests, plaintiff argues, "serve only to harass Plaintiff and non-party Wedgewood, Inc." *Id*. at 8. In addition, plaintiff argues that greater weight is assigned to the confidentiality interests of a non-party; the requesting party should be required to make a "heightened showing of relevance and necessity" before such disclosure is required. *Id*. at 8 (citing *Crane Plastics Co. v. Louisiana-Pacific Corporation*, 119 F. Supp. 2d 749, 751 (S.D. Ohio 2000)). Plaintiff contends that Liberty Township Defendants are unable to make such a showing.

In reply, Liberty Township Defendants argue that the value of Lot 2069 is significant because of its bearing on tax benefits and their relation to damages sought by plaintiff. *Reply,* at 5. Liberty Township Defendants also assert that Wedgewood, Inc., has not been unreasonably or

unnecessarily "drawn into the fray" because, as the sole general partner of the plaintiff, it has a vested interest in the outcome of this litigation. *Id*. at 6.

The Court is persuaded that financial statements and tax returns of plaintiff fall within the ambit of discoverable information. However, the request for production of seventeen years of financial statements and tax returns, without further justification, is overbroad in relation to the articulated relevance of the documents. Moreover, Liberty Township defendants have not established the relevance of the financial information requested of Wedgewood, Inc. The mere fact that plaintiff's general partner has a "stake in the outcome of this litigation," *Reply,* at 6, is immaterial and does not justify the discovery requested of it. Accordingly, Liberty Township Defendants may discover plaintiff's tax returns and financial statements for the prior five (5) years.

      **C.**      **Other Offers to Purchase Lot 2069, About Which Mr. Ruma Was Instructed Not to Testify During Deposition (Defendants' Request for Production Nos. 11-13)**

Liberty Township Defendants argue that information relating to other offers to purchase Lot 2069 is necessary to determine whether plaintiff has attempted to mitigate its damages. *Liberty Township Defendants' Motion,* p. 10. Liberty Township Defendants also characterize as improper counsel's instruction to Charles Ruma not to testify on deposition regarding any such offers because of confidentiality concerns. In response, plaintiff denies the relevance of such discovery generally and represents that it previously produced the only written offer received in connection with Lot 2069. *Plaintiff's Memo. in Opposition* p. 8-9. In reply, Liberty Township Defendants insist that information regarding unwritten offers to purchase is also discoverable as relevant to the issue of mitigation. *Reply*, p. 6-7.

The Court concludes that information concerning both written and unwritten offers to purchase Lot 2069 is reasonably calculated to lead to the discovery of evidence relevant to the issues in this case.[3]  As it relates to unwritten offers to purchase Lot 2069, *Liberty Township Defendants' Motion* is **GRANTED**.

> **D.     Documents Relating to Actual Payment of Legal Fees (Defendants' Request for Production Nos. 1-3)**

That Wal-Mart has agreed to reimburse plaintiff's attorneys' fees is apparently not in dispute, *Reply*, p. 7, and Liberty Township Defendants seek information relating to actual payments.  *Id*.  Plaintiff's *Memorandum in Opposition* does not address this issue.  To the extent that plaintiff possesses such information that it has not yet produced to Liberty Township Defendants, *Liberty Township Defendants' Motion* is **GRANTED**.

Accordingly, the *Second Motion to Compel of Defendants Township of Liberty, Ohio, Board of Trustees of Liberty Township, Robert E. Cape, Peggy Guzzo, Curt Sybert, and Holly Foust,* Doc. No. 76, is **GRANTED** in part and **DENIED** in part, consistent with the foregoing.


April 29, 2008                                                            *s/Norah McCann King*
                                                                                    Norah McCann King
                                                                              United States Magistrate Judge

---

[3] Moreover, the Court strongly disapproves of counsel's instruction that the deponent not respond to this area of inquiry.  *See* F.R. Civ. P. 30(c)(2) ("... A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)").