IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WEDGEWOOD LIMITED PARTNERSHIP I,**

      **Plaintiff,**

  vs.                                Civil Action 2:04-CV-1069
                                        Judge Marbley
                                        Magistrate Judge King

**TOWNSHIP OF LIBERTY, OHIO,**
*et al.*,

      **Defendants.**

## OPINION AND ORDER

      Plaintiff, the owner of undeveloped property allegedly zoned for commercial use in Delaware County, Ohio, asserts claims under federal and state law in connection with the defendants' alleged denial of authority for the construction of a Wal-Mart store on the property. Discovery was to have been completed on all issues in the case by October 31, 2007, *Order,* Doc. No. 74, and motions for summary judgment were to have been filed no later than December 21, 2007, *Order,* Doc. No. 87. The parties filed timely motions for summary judgment. Doc. Nos. 92, 94. During the course of the briefing of those motions, a discovery dispute arose in connection with recently discovered audio tapes and emails and the discovery completion date was vacated to permit a very limited amount of additional discovery in that regard. *Order,* Doc. No. 114. That additional discovery was to have been completed by June 30, 2008, *Order,* Doc. No. 118, and the parties were granted the opportunity to supplement their memoranda addressing the motions for summary judgment. *Order*, Doc.

No. 114. The Court resolved the motions for summary judgment on September 25, 2008. *Opinion and Order,* Doc. No. 160.[1]

This matter is now before the Court on defendants' October 24, 2008, motions for leave to file yet another motion for summary judgment -- this one relating to plaintiff's claim for monetary damages -- or, alternatively, for leave to re-open discovery relating to damages. Doc. Nos. 162, 163.

Rule 16 of the Federal Rules of Civil Procedure permits modification of the Court's scheduling orders "only for good cause and with the judge's consent." F.R. Civ. P. 16(b)(4). A court may grant a request to modify a schedule only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Defendants have failed to meet this standard.

Defendants do not adequately explain their failure to address damages in their motion for summary judgment, either in their original filing or during the period of supplementation. Moreover, permitting yet another round of dispositive motions will risk yet further delay in the ultimate resolution of this already delayed litigation -- a risk that can only work to the plaintiff's prejudice. Defendants' motion for leave to file a motion for summary judgment on the issue of compensatory damages, Doc. No. 162, is therefore **DENIED**.

---

[1] Defendants' appeal from the Court's grant of injunctive relief, Doc. No. 165, remains pending.

Defendants also ask for leave to re-open two depositions on the limited issue of plaintiff's damages. Defendants base this request on plaintiff's allegedly belated production of documents relevant to this issue. Specifically, defendants refer to approximately 200 pages of documents produced on September 23, 2008, and October 23, 2008, relating to offers or agreements to purchase the property. Defendants ask for leave to re-open the discovery depositions of Charles Ruma and plaintiff's expert, Robert Weiler, and represent that inquiry would be limited to only those questions that would have been asked had the documents been produced in a timely fashion.

Plaintiff does not expressly address the assertions made in defendants' motion to re-open discovery, particularly as it relates to plaintiff's alleged failure to timely produce requested documents. *See Plaintiff's Memorandum in Opposition,* p.1 n.1, Doc. No. 169.

The Court concludes that defendants' motion to re-open discovery related to damages is meritorious. Plaintiff's belated production of requested documents is sufficient to justify the requested modification of this Court's orders. *See* F.R. Civ. P. 16(b)(4). Moreover, the Court is confident that any additional discovery can be completed without causing further delay of this action. Accordingly, defendants' motion to re-open discovery relating to damages, Doc. No. 163, is **GRANTED.**

Defendants are granted leave to re-open the depositions of Charles Ruma and Robert Weiler on the issue of plaintiff's claim for compensatory damages. All such additional discovery must be completed within sixty (60) days. Inquiry will be limited to only those matters related to the documents produced by plaintiff in September and October 2008.

In sum, defendants' motion for leave to file another motion for summary judgment, Doc. No. 162, is **DENIED;** defendants' motion to re-open discovery relating to plaintiff's claim to damages, Doc. No. 163, is **GRANTED**, consistent with the foregoing.


April 24, 2008                             *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge