IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WEDGEWOOD LIMITED          :
PARTNERSHIP I,             :
                           :
         Plaintiff,        :          Case No. C2-04-1069
                           :
    v.                     :          JUDGE ALGENON L. MARBLEY
                           :          Magistrate Judge Deavers
TOWNSHIP OF LIBERTY, OHIO, *et. al.*,  :
                           :
         Defendants.       :

OPINION AND ORDER

I. INTRODUCTION

This matter is before the Court on the motion of Defendants Township of Liberty, Ohio

("Township"), Board of Trustees of Liberty Township ("Trustees"), and Liberty Township

Zoning Inspector Holly Foust ("Foust") (collectively, "Defendants"),[1] to set aside the Plaintiff's

damages hearing and for summary judgement on the request for monetary damages.  *Motion*,

Doc. No. 191.  The Court has considered the Parties' memoranda and exhibits and, for the

reasons that follow, concludes that the Motion is **DENIED**.

II.  BACKGROUND

The procedural and factual history of this case has already been detailed in orders of this

Court, *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 456 F. Supp. 2d 904 (S.D. Ohio 2006)

(granting in part and denying in part defendants' motion to dismiss); *Wedgewood Ltd. P'ship I v.*

---

[1]Intervening Defendant Liberty Township/Powell Neighborhood Community Watch Foundation
did not participate in the briefing on this issue and has filed a motion requesting that it be dismissed from
this action because there are no claims for compensatory damages against it.  *Motion*, Doc. No. 214.  The
Plaintiff has indicated to chambers that it intends to file an opposition to this motion.

*Twp. of Liberty*, 578 F. Supp. 2d 941 (S.D. Ohio 2008) (granting in part and denying in part

cross-motions for summary judgment), and in an opinion from the Sixth Circuit, *Wedgewood*

*Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340 (6th Cir. 2010) (affirming order on summary

judgment), and will only be laid out briefly here.

 The Plaintiff owns a lot in the Wedgewood Commerce Center zoned for commercial

development.  In October of 2003, the Plaintiff submitted an application to the Liberty Township

Zoning Commission ("Commission") requesting six zoning variances to develop a Wal-Mart and

a Murphy Oil Gas Station.  That application was denied on October 22, 2003.  Following heated

public debate, the Trustees issued a "Public Statement and Instructions to Zoning Department

Regarding Future Administration of Wedgewood Commerce Center Development Plan"

("Instructions") on January 19, 2004.  The Instructions established a 500,000 square foot floating

cap on commercial development in the Wedgewood Commerce Center.

 The Plaintiff submitted a renewed application on June 29, 2004; this application did not

seek a zoning variance.  The renewed application was denied on September 30, 2004 on the

following four grounds: (1) the submission of an incomplete development plan in contravention

of the zoning plan; (2) exceeding the "floating cap" on commercial development; (3) failure to

obtain approval from an architectural review committee; and (4) inclusion of nine technical

deficiencies in the application.  The Plaintiff appealed the denial of its application to the Liberty

Township Board of Zoning Appeals ("BZA").  The BZA affirmed the September 20th denial on

January 11, 2005 ("BZA-I"), but, on appeal, the Common Pleas Court of Delaware County

remanded the case to the BZA to remedy gaps and omissions in the record.  *Wedgewood Ltd.*

*P'ship I v. Liberty Twp. Bd. of Zoning Appeals*, Case No. 05CV-F-02-101, Decision and Entry at

3 (Ohio Ct. Com. Pl.'s Sept. 22, 2005) (Whitney, J.).  After conducting additional evidentiary

hearings, the BZA again affirmed the September 20th denial in its Findings of Fact and

Conclusions of Law ("BZA-II").  *Wedgewood Ltd. P'ship I v. Liberty Twp. Bd. of Zoning*

*Appeals*, Case No. BZAO4-28, Findings of Fact and Conclusions of Law (Liberty Township

Board of Zoning Appeals Oct. 21, 2008), Doc. No. 161.  In BZA-II, the BZA concluded that

reasons (1) and (3) were insufficient to support the denial of the application but that reasons (2)

and (4) were each sufficient to support it.  *Id*. at 19-21.

Subsequent to filing the BZA appeal, the Plaintiff initiated the instant action, which

proceeded parallel to the state action.  In its Opinion and Order on the first motion for summary

judgment, *Wedgewood*, 578 F. Supp. 2d 941; *Motion*, Doc. No. 92, this Court concluded that the

enactment of the Instructions violated the Plaintiff's procedural due process rights.  Specifically,

the Court ruled that the Plaintiff therefore had an actionable liberty interest in their adoption that

was violated because the enactment of the Instructions failed to meet the obligation to provide

notice and an opportunity to be heard. *Id*. at 951-52.  The Court consequently granted the

Plaintiff a permanent injunction enjoining the Township from enforcing the Instructions and, in

particular, the 500,000 square foot floating cap against the Plaintiff's property.  *Id*. at 954.  The

Sixth Circuit affirmed this Court's order.[2]  *Wedgewood Ltd. P'ship I*, 610 F.3d at .344.  The only

claim remaining for trial is the Plaintiff's claim for compensatory damages arising out of the

Defendants' violation of the Plaintiff's procedural due process rights.

---

[2]The Plaintiff on appeal waived its claim that it had a protected liberty interest and requested the
court to review instead its claim that it had a property interest before the enactment of the Instructions.
*Wedgewood*, 610 F.3d at 352.  The Sixth Circuit consequently employed a property-based rather than
liberty-based analysis. *Id.*

The Defendants now argue that the violation of the Plaintiff's constitutional rights was not, as a matter of law, the proximate cause of any damages allegedly suffered by the Plaintiff. The Defendants contend that, as this Court and the BZA have previously held, the Plaintiff's application was denied for reasons independent of the unconstitutional floating cap.  Because any alleged damages flow from the legitimate denial of the application, they argue, the adoption of the Instructions was not the proximate cause of the Plaintiff's damages as a matter of law.

The Plaintiff opposes the motion.  It argues, first, that the Defendants' arguments rest on a mis-characterization of its damages theory, which is based on compensation for the period of time its property was subject to the unconstitutional zoning restrictions.  Second, they argue that the Defendants' contentions are based on an erroneous factual assumption, namely that the enforcement of the floating cap was not the proximate cause of the denial of the zoning application.

### III.  STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The movant therefore has the burden of establishing that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel*, *Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993).  The central inquiry

is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  But the non-moving party "may not rest merely on allegations or denials in its own pleading."  Fed. R. Civ. P. 56(e)(2).  *See also Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  When ruling on a motion for summary judgment, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim.  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  Instead, the Court may rely on the evidence called to its attention by the parties.  *Id.*

## IV.  LAW AND ANALYSIS

To recover compensatory damages, a § 1983 plaintiff must show the existence of an actual injury that was directly caused by the denial of procedural due process.  *Carey v. Piphus,* 435 U.S. 247, 262 (1978) (holding that petitioner suspended from school without procedural due process not entitled to damages where petitioner would have been suspended even if proper hearing had been held); *Kendall v. Board of Education*, 627 F.2d 1, 6 (6th Cir. 1980) (holding that appellant suing for damages from violation of procedural due process "is not entitled to relief for the deprivation of her contract right if the [appellee] established that she would have been discharged even if a proper hearing had been held").  Where a plaintiff has established a deprivation of constitutional rights, "the burden of proof shifts to the defendant to demonstrate that the deprivation of constitutional rights did not cause the plaintiff's injury."  *Kendall*, 627

F.2d at 6 n.6 (citing *Mt. Healthy Bd. of Education v. Doyle*, 429 U.S. 274, 287 (1977)).  In land-use regulation cases, delays or terminations of development projects attributable to events independent of the unconstitutional actions of defendants can foreclose compensatory damages. *See, e.g., North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486-97 (9th Cir. 2008) (holding that developer-plaintiff would only be entitled to nominal damages in claim for discriminatory zoning decision where development could not go forward for reasons independent of the zoning decision); *Westborough Mall, Inc. v. Cape Girardeau*, 953 F.2d 345, 347 (8th Cir. 1991) (holding that developer-plaintiff not entitled to damages because its "venture was plagued with problems" before the unconstitutional actions of the government officials).

Because the Parties' arguments regarding causation turn upon the nature of the damages sought, the Court will begin by defining the theory of damages upon which the Plaintiff's claim rests.  As evidentiary support for its damages claim, the Plaintiff has submitted the February 15, 2007 report of its expert, Dr. Robert J. Weiler, Ph. D, J.D.  In his report, Dr. Weiler calculated the damages in two ways.  First, he calculated the aggregated investment opportunity cost from the loss of the sale proceeds to Wal-Mart.  He concluded that the sale price for the 2002 real estate purchase agreement of $5,273,100 (or $155,000 per acre) was in accordance with the local market and reasoned that the sellers would have realized a 9% annual rate of return typical to equity investors in real estate.  Applying that rate of return to the principal of $5,273,100 from September 30, 2004[3] through February 15, 2007 yielded a loss of $1,185,000.

---

[3]The valuation was based upon the date the zoning application was denied. *Weiler Deposition*, Doc. No. 167 at 54.

Second, Dr. Weiler calculated the diminution in value from the restriction placed upon

the property by the floating cap.  Dr. Weiler reduced the allowable building area of 220,598

square feet to the restricted 109,389 square feet, calculated that this reduction permitted only

49.6% of the land to be utilized, and multiplied 49.6% by the original 34.02 acres to conclude

that the restrictions allowed for 16.874 usable acres.  Dr. Weiler affirmed that the $155,000 price

per acre for the 34.02 acre tract increases to $195,000 per acre for the 16.874 acre tract[4];

multiplying this price by the restricted acreage, Dr. Weiler determines that the market value as

restricted is $3,290,430.  Rounding down, the diminution of value between the unrestricted and

the restricted market value is $1,980,000.  Again using the 9% interest rate for the period from

September 30, 2004 to February 15, 2007, Dr. Weiler concludes under this alternative analysis

that the loss of return on the diminution in value from the area restrictions is $450,000.

Both of Dr. Weiler's calculations were, as a factual matter, based upon the loss of the sale

to Wal-Mart.  *Weiler Deposition*, Doc. No. 167 at 38-39, 91-92.  In the first, Dr. Weiler assumed

that the property's owner lost the sale to Wal-Mart for the negotiated (and market value) price of

$5,273,100 and then was unable – because of litigation or any other reason – to sell the property

during the period at issue.  *Id*. at 91-92.  In the second, Dr. Weiler again assumed that the

Plaintiff lost the Wal-Mart sale but that it then sold the property for its market value (as reduced

by the square footage restrictions) of $3,290,430.  *Id*. at 92.

The Defendants have argued that prior decisions in this case in both state and federal

court preclude the Plaintiff from claiming damages based upon the denial of its zoning

---

[4]The higher per-acre value for the smaller usable acreage is based on the fact that there are more eligible buyers for a smaller lot. *Weiler Deposition*, Doc. No. 167 at 94-95.

application. *Wedgewood Ltd. P'ship I*, 456 F. Supp. 2d at 933 (dismissing the Plaintiff's request for declaratory judgment that Plaintiff is entitled to zoning permit and stating that "[t]he Zoning Inspector denied Plaintiff's permit application because Plaintiff failed to comply with a number of elements of the Liberty Township Zoning Resolution beyond the floating cap, and the record does not suggest that the denial was unwarranted."); *BZA-II*, Case No. BZAO4-28 at 21 (finding that the technical deficiencies in the application were sufficient to support its denial). Under either the law-of-the-case doctrine, *Griffin v. Mich. Dep't of Corrections*, 5 F.3d 186, 190 (6th Cir.1993), or the doctrine of *res judicata*, *Taylor v. Commissioner of Social Sec.*, 191 F.3d 453 (Table), 1999 U.S. App. LEXIS 23182, at *5 (6th Cir. Sept. 16, 1999), it can be said as a matter of law that the application was denied for reasons independent of the floating cap. The Plaintiff does not directly contest this point, and the Court agrees with the Defendants.

The Plaintiff, therefore, can only collect compensatory damages if it can demonstrate an injury flowing solely from the violation of its procedural due process rights. It is not automatically entitled to damages upon the finding that its rights have been violated, *Carey*, 435 U.S. at 262, and it may not collect damages resulting from a flawed procedure where the outcome of that procedure would have been the same regardless of the constitutional defects, *id.* at 261. *See also Kendall*, 627 F.2d at 6; *North Pacifica LLC*, 526 F.3d at 486-97. Thus the question is whether either of Dr. Weiler's analyses is sufficient to establish the existence of damages arising from the adoption of the Instructions – the constitutional violation – rather than from the denial of the application.

Only Dr. Weiler's second analysis, valuing the loss of temporary deprivation of the total use of the land, is sufficient to allege a claim for compensatory damages. His first method of

calculating damages based on the opportunity cost of the failed Wal-mart sale does not distinguish between injuries flowing from the legitimate denial of the zoning application and the illegitimate enforcement of the Instructions.  The Wal-Mart project could not go forward both because of the unconstitutional restrictions in the Instructions and because of the permissible denial of the Plaintiff's zoning application.  As in *Carey* or *Kendall*, the legitimate denial of the Plaintiff's application neutralizes any effect that the Instructions may have had in derailing the Wal-Mart project.  It is uncontroverted, however, that the Instructions of January 19, 2004 reduced the amount of land available for commercial development on the Plaintiff's property until they were declared unconstitutional by this Court.  This was central to the Sixth Circuit's holding that the adoption of the Instructions deprived the Plaintiff of a protected property interest without due process of law.  *See Wedgewood Ltd. P'ship I*, 610 F.3d at 352-53.  In his second method of calculating damages based on the temporary deprivation of the total use of the land, Dr. Weiler has presented a means of measuring the effect that the Instructions' limitation on the square footage available for commercial development had on the value of the property and on the Plaintiff's financial gains or losses.  That Dr. Weiler relied on the value of the contract with Wal-Mart does not change this Court's conclusion since Dr. Weiler also concluded that the Wal-Mart contract price represented the fair market value of the property in 2004.  Thus, the Plaintiff's damages claim is not premised merely on the violation of its constitutional rights but on the financial injury it suffered as a result of that violation, which injury is supported by Dr. Weiler's expert testimony.[5]

---

[5]Although not argued by the Parties, the Court notes that the Plaintiff's evidence of damages is not too speculative to defeat a motion for summary judgment.  *See Broan Mfg. Co. v. Associated Distributors, Inc.*, 923 F.2d 1232, 1235-36 (6th Cir. 1991) (precluding damages "'only where the *fact* of damage is uncertain . . . not where the *amount* of damage alone is uncertain'") (quoting *Grantham and*

## V. CONCLUSION

The Court accordingly concludes that the Defendants' motion must be **DENIED** in part. The Plaintiff's theory of damages based on the opportunity cost of the failed Wal-Mart sale fails as a matter of law to establish causation and may not be presented to the jury. The Plaintiff's theory of damages based on the temporary deprivation of the total use of land does not fail as a matter of law and may be presented to the jury.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**Algenon L. Marbley**
**United States District Judge**

**DATED: November 16, 2010**

---

*Mann, Inc. v. American Safety Prods*., 831 F.2d 596, 601-02 (6th Cir. 1987)).