IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WEDGEWOOD LIMITED PARTNERSHIP I, | : | |
| | : | |
| Plaintiff, | : | Case No. C2-04-1069 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| TOWNSHIP OF LIBERTY, OHIO, *et. al.*, | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

This matter is before the Court on the Defendants' Motion for Stay of Proceedings Pending Disposition of Petition for Writ of Certiorari, or in the Alternative, Motion to Continue and Reopen Discovery. *Motion*, Doc. No. 211. For the reasons that follow, the motion is **DENIED**.

**I. MOTION FOR STAY**

The Defendants filed a petition for certiorari with the Supreme Court on November 10, 2010 appealing the Sixth Circuit's decision in *Wedgewood Limited Partnership I v. Township of Liberty, Ohio*, 610 F.3d 340 (6th Cir. 2010) (affirming this Court's grant of summary judgment in favor of the Plaintiff but reversing this Court's dismissal of the Plaintiff's property-based procedural due process claim). The Defendants contend that the Sixth Circuit's conclusion that the Plaintiff had a protected property interest contradicts opinions of the Ohio Supreme Court, decisions of the United States Supreme Court, and decisions of other circuits; it is on these grounds that they have filed their petition for certiorari. The Defendants now argue that this Court should grant a stay of the trial on the Plaintiff's damages claim pending disposition of their

petition for certiorari. The Plaintiff has filed an opposition to the motion, *Response*, Doc. No. 231, in which it argues that the petition is unlikely to be granted and that the Plaintiff would suffer irreparable injury if the stay were granted.

Whether to enter a stay "'ordinarily rests with the sound discretion of the district court.'" *United States v. Mandycz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004) (quoting *Ohio Envtl. Council v. United States Dist. Ct.*, *S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)). A litigant requesting a stay must demonstrate: "(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1319 (1994). Even if the litigant demonstrates all three of these conditions, a stay may still be denied when the equities do not weigh in favor of the stay. *Barnes v. E-Systems, Inc. Group Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (slip. op. at 2) (Scalia, J., in chambers). "It is ultimately necessary, in other words, 'to "balance the equities" – to explore the relative harms to applicant and respondent, as well as the interests of the public at large.'" *Id.* (quoting *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers)).

Even if the Court accepts as true that the Supreme Court would vote to grant certiorari and that it would reverse the Sixth Circuit, the likelihood of irreparable harm to the Defendants if the Court were to deny the stay is outweighed by the harm to the Plaintiff if the Court were to grant the stay. The Defendants claim that the burden from cost of trial, which would be rendered unnecessary if the Supreme Court were to ultimately rule in its favor, would cause them irreparable harm. The trial, however, is likely to last no more than a few days, and the majority

of the pre-trial preparations have already been completed (e.g. discovery, motions in limine, proposed jury instructions, etc.). The additional cost to the Defendants will not be overly large or burdensome and does not constitute the type of irreparable harm that stays are aimed at preventing. *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) ("'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

The Plaintiffs, on the other hand, have already suffered greatly from the delay in obtaining relief. This case was filed more than six years ago, and it has been more than two years since this Court declared that the Defendants violated the Plaintiff's procedural due process rights and granted the Plaintiff a permanent injunction from the enforcement of unconstitutional zoning regulations. The Defendants' appeal to the Sixth Circuit has already postponed a final adjudication of the Plaintiff's claims for two years, and the Court concludes that the balance of the equities weigh against the Defendant's request.

The Court in its discretion therefore **DENIES** the Defendants' Motion for a stay.

## II. MOTION FOR CONTINUANCE

The Defendants additionally request a continuance of the trial so that it may conduct discovery on a recent evidentiary disclosure. On October 29, 2010, in accordance with this Court's order, the Plaintiff produced additional documentation relevant to its claim for damages. Included within that production was a Real Estate Purchase Agreement ("Agreement"), signed June 6, 2010, for the sale of the property at issue in this litigation from the Plaintiff to DCR Commercial Development, LLC. Charles J. Ruma signed for the Plaintiff and his son David C.

Ruma signed for the purchaser.  The Agreement is for the sale of the 34.02 acre property at $155,000 per acre; this price is the same as in the purchase agreement between the Plaintiff and Wal-Mart that was rescinded in 2004.

The Defendants note that the Plaintiff has received several offers of purchase that exceed the amount of damages they allege for loss of investment opportunity.  They claim that discovery into the circumstances surrounding the formation of this latest contract is necessary, stating that those circumstances "are obviously of great relevance to this case."  This Court is unconvinced.  The existence of this contract, like the existence of offers of purchase that the Plaintiff rejected, may be relevant to the Defendants' mitigation defense.  The circumstances surrounding the contract, however, are of limited utility, and any further delay of this case would be prejudicial to the Plaintiff.  Furthermore, the Plaintiff in its opposition points out that the Defendants received the additional discovery they requested on this issue on November 10, 2010.[1]  The Court in its discretion accordingly **DENIES** the Defendants' Motion for a Continuance.

---

[1] The Defendants' motion was filed on November 10.

### III.  CONCLUSION

Because the Court has concluded that neither the Defendants' motion for a stay nor their motion for a continuance are meritorious, the trial set for November 29, 2010 at 9 a.m. will proceed as scheduled and the Defendant's Motion is **DENIED**.  *Motion*, Doc. No. 211.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley<br>
**Algenon L. Marbley**<br>
**United States District Judge**

**Dated: November 16, 2010**