IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WEDGEWOOD LIMITED PARTNERSHIP I, | : | |
| | : | |
| Plaintiff, | : | Case No. C2-04-1069 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Preston Deavers |
| TOWNSHIP OF LIBERTY, OHIO, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion for Stay of Proceedings to Enforce Judgment.  *Motion*, Doc. No. 263.  For the reasons that follow, Defendants' Motion is **DENIED.**

**II.  BACKGROUND**

Plaintiff owns a parcel of land in the Township of Liberty Ohio that was zoned for commercial development.  On January 19, 2004, the Defendants issued a "Public Statement and Instructions to Zoning Department Regarding Future Administration of Wedgewood Commerce Center Development Plan" ("Instructions") imposing a 500,000 square foot floating cap on commercial development that had the effect of reducing by approximately 50% the amount of land available for commercial development.  Plaintiff initiated this matter on November 5, 2004 claiming, under both state and federal law, that the enactment of the Instructions deprived the Plaintiff of constitutionally protected property and liberty interests: (1) without due process of

law; (2) pursuant to an unconstitutionally vague ordinance; and (3) in violation of the Equal Protection Clause of the Fourteenth Amendment. *Complaint*, Doc. No. 1.

On September 25, 2008, this Court ruled that the enactment of the floating cap violated Plaintiff's procedural due process rights under the United States Constitution and granted the Plaintiff a permanent injunction enjoining the Defendants from enforcing the floating cap on the Plaintiff's property. *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 578 F. Supp. 2d 941 (S.D. Ohio 2008), *aff'd*, 610 F.3d 340 (6th Cir. 2010). The case proceeded to trial on the Plaintiff's claim for compensatory damages arising from the temporary deprivation of the total use of the land. *Opinion and Order*, Doc. No. 235. On December 3, 2010, a jury awarded the Plaintiff $750,000 in damages, *Verdict*, Doc No. 257, and the Court entered the judgement on December 14, 2010, *Judgement*, Doc. No. 261.

Defendants now request a stay of the money judgment pursuant to Rules 62(b) and (d). Defendants argue that they are entitled to a stay pending their petition for certiorari filed in the Supreme Court of the United States and pending forthcoming post-trial motions and appeals; they propose posting a supersedeas bond in the amount of the judgment plus 25%. Plaintiff contends in opposition that Defendants are not entitled to a stay and that, if the Court nevertheless grants a stay, the amount of Defendants' proposed supersedeas bond is insufficient. *Response*, Doc. No. 264.

### III. STANDARD OF REVIEW

#### A. RULE 62(d)

Rule 62(b) reads in relevant part as follows:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment . . . pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b). District courts have broad discretion to stay execution of judgment under Rule 62(b). *Lincoln Elec. Co. v. MPM Technologies, Inc.*, 2009 U.S. Dist. LEXIS 96907, *2-3 (N.D. Ohio 2009). The Court must consider three factors when determining whether to grant or to deny a stay: (1) whether the petitioner has shown a strong probability of success on the merits; (2) whether the petitioner has shown irreparable injuries would result if the stay were denied; and (3) whether granting the stay would serve the public interest. *Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Com.*, 337 F.2d 221, 222 (6th Cir. 1964). The Court may only stay execution if the security of the judgment creditor is provided for, *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996), but has discretion to determine the "appropriate terms," *Lincoln Elec. Co.*, 2009 U.S. Dist. LEXIS 96907 at *4.

### B. RULE 62(d)

Rule 62(d) establishes that the Court "may" enter a stay by supersedeas bond "[i]f an appeal is taken." Fed. R. Civ. P. 62(d). The stay becomes effective when the Court approves the bond. *Id*. A petitioner is entitled to a stay of money judgment as a matter of right where that petitioner files a satisfactory supersedeas bond. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The Court may not, however, enter a stay where the appeal arises from "an

interlocutory or final judgment in an action for an injunction or a receivership." Fed. R. Civ. P. 62(d), 62(a)(1).

### III.  LAW AND ANALYSIS

The Court will consider whether to enter a stay under either Rule 62(b) pending the filing of a motion for a new trial or under Rule 62(d) pending the filing of a notice of appeal or the resolution of the petition for certiorari.

### A.  Rule 62(b)

Defendants claim that the money judgment should be stayed until the Court has resolved the motion for a new trial that Defendants intend to file.  Plaintiff objects on the ground that Rule 62(b) does not authorize a stay for potential post-trial motions but only for ones that have already been filed.  Defendants note in rebuttal that the deadline for filing post-trial motions has not expired.  *See* Fed. R. Civ. P. 59(b) (file within twenty-eight days).

The Court need not resolve whether Rule 62(b) contemplates the issuance of a stay before the filing of a post-trial motion where the deadline for such a filing has not expired because the Defendants have not met their burden of showing that a stay is advisable under the *Hamlin Testing Laboratories* test.  Under *Hamlin Testing Laboratories*, the Court must first consider whether the Defendants have shown a strong probability of success on the merits.  The Defendants have failed this first prong as they have given no indication of the substance of their potential motion for a new trial.

Second, the Court must consider whether the Defendants have shown that irreparable injuries would result if the stay were denied.  Defendants can move for a stay after they have filed their motion for a new trial, should they do so.  At that time, the Court may consider

whether, in light of the probability of success on the merits, the Defendants will suffer irreparable injury while the motion is pending. At this time, then, the threshold issue is what injuries, if any, the Defendants would suffer in the fourteen days between the expiration of the automatic stay under Rule 62(a) and the deadline for filing a motion for a new trial. Defendants have not alleged any specific harm that they would suffer in the absence of a stay during this time period. The Court considers it unlikely that Plaintiff will obtain a writ of execution[1] obligating Defendants to satisfy all or part of the judgement in the next fourteen days. Even if this came about, however, and if Defendants subsequently persuaded this Court that a 62(b) stay for the adjudication of the motion for a new trial was necessary, Defendants would still have a colorable argument that the stay should be retroactive, thus mitigating any temporary harm the Defendants would have suffered. *See Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 2010 U.S. Dist. LEXIS 94540, *11-12 ( E.D. Mich. 2010) (making Rule 62(b) stay retroactive and nullifying collection efforts already begun).

Third, the Court must consider whether granting the stay would serve the public interest. As a case against a public entity, the interest of the Defendants is largely coextensive with the interests of the public. That is, if the Defendants suffer financial injury – the only kind at issue in this case – then the public served by the Defendants suffers, as well. As described above, the likelihood that the Defendants will suffer irreparable injury in the next fourteen days is small, and this factor does not weigh heavily in favor of granting a stay.

---

[1] Enforcement of a money judgment occurs pursuant to Rule 69(a) and requires a writ of execution in accordance with the procedures of the state in which the District Court is situated. Fed. R. Civ. P. 69(a).

Because Defendants have offered no arguments or evidence to demonstrate that they are likely to prevail on their motion for a new trial and that they will suffer irreparable harm, the Court in its discretion **DENIES** Defendants' motion for a stay under Rule 62(b).

### B.  Rule 62(d)

### 1. Stay Pending Appeal

The Court is empowered to enter a stay pursuant to Rule 62(d) "[i]f an appeal is taken." Fed. R. Civ. P. 62(d).  Plaintiff argues that the phrase "if an appeal is taken" sets a condition precedent for the court's issuance of a stay.  If so, then the Defendants are not entitled to a stay pending appeal until they have filed a notice of appeal.  Defendants argue that it is only the giving of the bond that requires an appeal to be filed; the Court may approve a bond and issue a stay at any time.  In addition, Defendants argue that Plaintiff's interpretation of the rule would undermine the effect of allowing parties thirty days to appeal a final judgment.

This Court finds that an appeal is a condition precedent for the issuance of a stay.  The rule begins with the conditional "if," leading to the plain interpretation that the power to issue a stay is dependent upon the condition of the filing of an appeal.  The language identified by the Defendants setting forth when a bond may be given – "upon or after" the notice or order of appeal – and when the stay becomes effective – "when the court approves the bond" – does not indicate to the contrary, nor does the fact that the thirty days for filing an appeal have not expired. The protection sought by the Defendants to allow them to decide whether to appeal are already afforded to them under the automatic stay of Rule 62(a).  As explained in a leading treatise:

> The automatic stay permits the party against whom judgment has been entered to determine what course of action to follow.  If the party desires to attack the

> judgment in the trial court, by a motion for a new trial or a similar posttrial motion, he can make that motion and apply for a further stay pending disposition of the motion as provided in Rule 62(b). If the party prefers to appeal, he can file a notice of appeal and seek a stay pending appeal as provided in Rule 62(c) and (d) and in Appellate Rule 8(a) and (b).

11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2902 (2d ed. 1995). *See also McKenzie v. Kennickell* 669 F.Supp. 529, 535 (D.D.C. 1987) (automatic stay allowed sufficient time to consider whether to appeal and movant offered no "good reason why it should be granted greater protections than those provided under the federal rules and be granted a 60 day stay to decide whether to appeal").

The Court is persuaded by the reasoning of the court in *United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156 (S.D.N.Y. 1966). The claimant in that case obtained a judgment ordering the government to deliver a vehicle to him. *Id*. at 157. The government moved to stay the judgment while it considered whether to appeal during the sixty days allotted for the filing of an appeal. *Id*. The court noted that the Rules "are very comprehensive as to the protection granted to litigants who seek a stay at various stages of the proceedings." *Id*. The Rules grant an automatic stay in which a litigant can consider whether or not to appeal, and subsequently grant an entitlement to a stay upon the filing of the notice of appeal. *Id*. The court concluded that granting a stay after the expiration of the automatic stay but before the filing of a notice of appeal was outside the scope of its authority. *Id*. at 158. *Accord John Hancock Mut. Life Ins. Co. v. Hurley*, 151 F.2d 751, 753 (1st Cir. 1945) (district clerk would have been obligated to release funds under order of disbursement had appellant not filed notice of appeal and supersedeas bond

before expiration of automatic stay).  *But cf. Whitesell Corp. v. Whirlpool Corp.*, 2010 U.S. Dist. LEXIS 19038 (W.D. Mich. 2010) (granting stay under Rule 62(b) without detailed analysis "pending Defendant's filing of a post-trial motion . . ., the disposition of said motion, and the running of Defendant's time to file a notice of appeal after the disposition of said motion").

For the above reasons, the Court concludes that it is without the authority to grant a stay in advance of the filing of a notice of appeal.  The Defendants' motion for a stay pending appeal is accordingly **DENIED**.

### 2. Stay Pending Resolution of Petition for Certiorari

The Defendants have additionally moved for a stay pending the resolution of an appeal to the Supreme Court that they have already filed.  Plaintiff challenges this request on the ground that the petition is an interlocutory appeal of an order awarding an injunction and is consequently excluded from the entitlement to a stay.  *See* Fed. R. Civ. P. 62(d), 62(a)(1).  Defendants counter that it is not requesting that the order granting the injunction be stayed but that the money judgment be stayed pending resolution of the appeal on the order finding liability and granting the injunction.  Such a stay is necessary, they continue, because if the order establishing liability and granting the injunction is overturned, then the money judgment based upon that finding of liability will be invalidated.

Rule 62(d), however, is conditioned upon the existence of an appeal from the order being stayed.  *See In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (5th Cir. 1991) ("Rule [62(d)] gives the district court authority to stay only the order or judgment being appealed.").  The Court cannot grant a stay pending resolution of an appeal from a different order on a different issue. Moreover, this argument is a mere rehashing of arguments already raised and rejected when

Defendants requested a stay of the trial pending the resolution of their petition for certiorari. *Motion*, Doc. No. 211; *Order*, Doc. No. 236.

The Court accordingly **DENIES** Defendant's motion for a stay pending resolution of their petition for certiorari.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for a Stay of Proceedings to Enforce Judgment.  *Motion*, Doc. No. 233.

**IT IS SO ORDERED.**

s/Algenon L. Marbley                
**Algenon L. Marbley**
**United States District Judge**

**DATED:   December 29, 2010**